IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD JONES, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-CV-236-JHP-FHM |
| | ) |
| CAROLINE WALL, District Court Judge; | ) |
| ALLEN KLEIN, Tulsa County Judge; | ) |
| TIM HARRIS, Tulsa County Dist. Atty; | ) |
| JOHN DOE, Ass't Dist. Atty; | ) |
| TANYA WILSON, Ass't Dist. Atty; | ) |
| MICHELLE KEELY, Ass't Dist. Atty; | ) |
| DAVE BEEN, Tulsa Police Chief; | ) |
| M. McCORD, Tulsa Police Officer; | ) |
| STEVE WOOD, Tulsa Police Dep't Super.; | ) |
| A. H. TALLMAN, Tulsa Police Detective; | ) |
| COREY MYERS, Tulsa Police Detective; | ) |
| K. A. CRONE, Tulsa Police Officer; | ) |
| F. GOSSETT, Tulsa Police Officer; | ) |
| W. TOLIVER, Tulsa Police Officer; | ) |
| D. HORNOK, Tulsa Police Officer; | ) |
| STEPHANIE BLANN, Tulsa Police Officer; | ) |
| CPL. ENGLAND, Tulsa County Dep. Sheriff; | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER DISMISSING COMPLAINT

On April 28, 2006, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is in custody at the Tulsa County Jail, 300 N. Denver, Tulsa, OK, and appears *pro se*. By Order filed May 12, 2006 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed payment of an initial partial filing fee of $19.32 by June 12, 2006. On May 31, 2006, rather than paying the partial fee, Plaintiff paid the full $350 filing fee required to commence this action.

Upon review of the complaint, the Court finds that Defendants Wall, Klein, Harris, Wilson, Keely and John Doe Assistant District Attorney are entitled to absolute immunity, that Plaintiff's complaint fails to state a claim as to Defendant England, and that, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted as to any remaining defendant.

## *BACKGROUND*

In his complaint (Dkt. # 1), Plaintiff alleges that the Defendants violated his rights to due process and equal protection of the law by unlawfully imprisoning him based on false charges filed in Tulsa County District Court, Case No. CF-2005-5251. As to Defendants Wall, Klein, Harris, Wilson, Keely, and John Doe, Plaintiff complains of the filing of criminal charges and the ongoing prosecution of those charges in the state district court. As to Defendant Been, the Chief of Police at the time of Plaintiff's arrest, Plaintiff complains that Defendant failed "in his educating, training, accreditation and graduation of officers of the Tulsa Police Department" on their role to protect and serve the citizens of the City of Tulsa resulting in his false imprisonment. As to Defendants McCord, Wood, Tallman, Myers, Crone, Gossett, Toliver, Hornok, and Blann, all employed as City of Tulsa Police Officers, Plaintiff alleges conduct resulting in his illegal arrest and unlawful imprisonment. Finally, Plaintiff asserts that Defendant England, Deputy Sheriff of Tulsa County, "wheather (sic) intentionally or unintentionally, obstructed justice by causing delays in the completion of this enormous legal project, destruction of evidence central and critical to the Plaintiff's cause of action against the police officers for illegal search and seizure, trespassing, and assult (sic)." See Dkt. # 1.

With the exception of the claim against Defendant England, all of Plaintiff's claims relate to his arrest and pending prosecution of criminal charges filed in Tulsa County District Court. In the "Nature of Case" section of the complaint, see Dkt. # 1, Plaintiff alleges that during the early morning hours of November 18, 2005, he was arrested at his residence by police officers without search or arrest warrants and without being read his rights under Miranda. He states he was then taken to the detective division where he was questioned and videotaped without an attorney present, despite having requested one. See id. He alleges he was booked into jail and charged with Kidnaping (Count I), Lewd Molestation of a Child Under 16 yrs. (Count II), Indecent Proposal to a Child Under 16 yrs. (Count III), and Resisting an Officer (Count IV). He further states that he remains jailed with an excessive bond, and that he has lost the services of his private attorney, Allen Malone. He continues to deny any wrong doing related to the pending criminal charges. See id. In his request for relief, Plaintiff asks for "case dismissed with prejudice, released from custody, and $1,000.00 per day for unlawful imprisonment." Id.

## *DISCUSSION*

For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. See Fed. R. Civ. P. 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (setting forth standards for evaluating the sufficiency of a claim); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.

Hall, 935 F.2d at 1110. A court may *sua sponte* dismiss a complaint under Fed. R. Civ. P. 12(b)(6) when it is patently obvious that the plaintiff cannot prevail on the facts alleged, and allowing an opportunity to amend would be futile. See Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir.1997); Hall, 935 F.2d at 1109-10.

After liberally construing Plaintiff's *pro se* pleadings, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff's allegations brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted and that it would be futile to allow an opportunity to amend. The complaint shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**A. Request for money damages for "unlawful imprisonment"**

*1. Judges and District Attorneys are entitled to absolute immunity in this case*

A state court judge has absolute immunity for his or her actions, unless they were nonjudicial, or taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11012 (1991). In this case, the Court finds that the actions taken by Defendants Wall and Klein forming the basis of Plaintiff's complaint were judicial and within those Defendants' jurisdiction as District Judges for Tulsa County District Court. Therefore, the Court concludes Defendants Wall and Klein are absolutely immune from monetary damages in this civil rights action.

State prosecutors, such as Defendants Harris, Wilson, Keely, and John Doe, are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994). Of course, "'actions of a prosecutor are not absolutely immune merely because they are

performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Indeed, the Tenth Circuit has repeatedly found investigative and administrative actions taken by state prosecutors to be adequately protected by the doctrine of qualified, rather than absolute immunity. Gagan, 35 F.3d at 1475. According to the Tenth Circuit,

> [i]n making the often "difficult distinction" between prosecutorial and non-prosecutorial activities (i.e., absolute and qualified immunity), we have held "'the determinative factor is "advocacy" because that is the prosecutor's main function.'" Pfeiffer, 929 F.2d at 1490 (quoting Rex, 753 F.2d at 843); Spielman v. Hildebrand, 873 F.2d 1377, 1382 (10th Cir. 1989). Finally, we have applied a continuum-based approach to these decisions, stating "the more distant a function is from the judicial process and the initiation and presentation of the State's case, the less likely it is that absolute immunity will attach." Pfeiffer, 929 F.2d at 1490 (citing Snell, 920 F.2d at 687).

Id. at 1476. "Moreover, because the immunity depends not upon the defendant's status as a prosecutor but upon 'the functional nature of the activities' of which a plaintiff complains, immunity for performance of inherently prosecutorial functions is not defeated by allegations of improper motivation such as malice, vindictiveness or self-interest." Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987) (quoted case omitted).

Applying these principles to the case at hand, the Court concludes that the actions by the Tulsa County District Attorney and Assistant District Attorneys taken in connection with Plaintiff's prosecution are the type of conduct protected by absolute immunity. Plaintiff's claims involving the prosecutors do not involve investigative or administrative functions. Rather, they relate to actions taken by the prosecutors during Plaintiff's criminal proceedings. Because Defendants Harris, Wilson, Keely, and John Doe are entitled to absolute prosecutorial immunity, Plaintiff's claims for monetary damages must be dismissed.

### *2. Claim against Defendant England shall be dismissed*

Plaintiff alleges that Defendant England, a Tulsa County Deputy Sheriff, has interfered with his ability to access the court in this matter. According to Plaintiff, Defendant England made copies of a newspaper article for filing in this case that were too dark and failed to copy both sides of statements made by Plaintiff. He also claims that certain documents were lost or damaged during the copying process.

"The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The Tenth Circuit Court of Appeals has held that the constitutional right recognized in Bounds "to adequate, effective and meaningful access to the courts" extends to county jails. Love v. Summit County, 776 F.2d 908, 912 (10th Cir.1985); see also Straub v. Monge, 815 F.2d 1467, 1469-70 (11th Cir.1987). Significantly, an inmate alleging a violation of constitutional access to counsel or the courts "must show actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir.1996) (per curiam) (interpreting Lewis). For example, an inmate cannot bring a constitutional access to the court claim simply because that person's prison law library is subpar. See Lewis, 518 U.S. at 351. Rather, such an inmate "must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Id.

In the instant case, Plaintiff has not demonstrated that he suffered any prejudice as a result of Defendant England's action. He claims only that the filing of the instant action was delayed as a result of the difficulties in obtaining copies. However, as Plaintiff did file his complaint on April

28, 2006, the Court finds Plaintiff cannot demonstrate any prejudice as a result of Defendant England's actions and, for that reason, it would be futile to allow Plaintiff the opportunity to amend his complaint. The Court concludes that Plaintiff's claim against Defendant England shall be dismissed for failure to state a claim upon which relief may be granted.

### 3. Complaint shall be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)

As to any remaining defendant, the Court finds Plaintiff's complaint shall be dismissed without prejudice. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)); see also Smith v. Gonzales, 222 F.3d 1220, 1222 (10th Cir. 2000) (citing Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999), for proposition that "Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed.").

The Court finds that a judgment in favor of Plaintiff on any of his claims challenging the constitutionality of his arrest and pending charges "necessarily impl[ies] the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. Furthermore, Plaintiff has not shown that the pending charges[1] have been dismissed. As a result, any claim for damages under 42 U.S.C. § 1983

---

[1] Petitioner is presently charged in Tulsa County District Court, Case No. CF-2005-5251, with Kidnaping, Lewd Molestation, Indecent Proposal to Child, and Resisting an Officer. See Dkt. # 1; www.oscn.net. Jury trial is presently set for June 12, 2006.

has not yet accrued and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**B. Requests for dismissal of pending criminal charges and release from custody**

In addition to money damages, Plaintiff seeks dismissal of the criminal charges presently pending in state court and his release from custody. If Plaintiff received the relief requested, the duration of his confinement would be necessarily affected. Such request lies in habeas corpus because it affects the length or duration of confinement. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241, sought after exhaustion of state remedies, rather than a complaint under 42 U.S.C. § 1983. The Court finds, therefore, that Plaintiff's requests for dismissal of his pending charges and for release from custody shall be dismissed from this action.

*CONCLUSION*

For the reasons stated herein, Plaintiff's complaint fails to state a claim upon which relief can be granted and shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claims against Defendants Wall, Klein, Harris, Wilson, Keely, and John Doe shall be dismissed with prejudice. Plaintiff's claim against Defendant England shall be dismissed with prejudice. Plaintiff's claims for damages against the remaining defendants shall be dismissed without prejudice. Plaintiff's request for dismissal of his pending charges and for release from custody shall be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's claims against Defendants Wall, Klein, Harris, Wilson, Keely, and John Doe are **dismissed with prejudice** based on absolute immunity.

2. Plaintiff's claim against Defendant England is **dismissed with prejudice** based on failure to state a claim upon which relief may be granted.

3. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to Heck v. Humphrey.

4. Plaintiff's requests for dismissal of the criminal charges pending in Tulsa County District Court and for his release from custody are **dismissed** from this action.

5. A separate Judgment shall be entered in this matter.

SO ORDERED THIS 2nd day of June, 2006.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma